## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **IRON WORKERS ST. LOUIS DISTRICT COUNSEL PENSION FUND TRUST, IRON WORKERS ST. LOUIS DISTRICT COUNSEL ANNUITY TRUST, IRON WORKERS ST. LOUIS DISTRICT COUNSEL WELFARE PLAN,** | ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Cause No. 3:20-mc-004-NJR-GCS** |
| **BUMPY'S STEEL ERECTION, LLC,** | ) ) | |
| **Defendant.** | ) | |

## REPORT & RECOMMENDATION

**SISON, Magistrate Judge:**

On December 4, 2019, Plaintiffs secured a default judgment against Defendant Bumpy's Steel Erection, Inc. in the amount of $685,427.85 in the U.S. District Court for the Eastern District of Missouri (Case No. 4:18-cv-2032-HEA). The foreign judgment was registered in this district on February 3, 2020, and the matter was referred to the undersigned Magistrate Judge for a citation to discover assets. On May 5, 2020, the Court approved service of an alias citation on Defendant by alternative methods after Plaintiffs had difficulty serving Defendant personally and suggested that Defendant's registered agent was attempting to avoid service.

The Court held a citation to discover assets hearing on July 16, 2020, but Defendant failed to appear. Counsel for Plaintiffs confirmed at the hearing that they had served

Defendant on multiple occasions. After the hearing, the undersigned entered an order directing Defendant to show cause in writing why civil contempt sanctions should not be imposed due to Defendant's failure to appear. (Doc. 12). Plaintiffs were directed to send a copy of the Court's show cause order to Defendant via U.S. Mail, which they did.

Defendant was to respond to the show cause order by August 7, 2020, but, to date, Defendant has not appeared or responded. As such, the undersigned directed Plaintiffs to submit an accounting of their reasonable attorneys' fees, costs, and losses tied to Defendant's non-compliance with this Court's orders. That accounting was submitted on August 26, 2020, and, for the reasons delineated below, the undersigned **RECOMMENDS** that the Court find Defendant in civil contempt and order Defendant to pay Plaintiffs a financial sanction in the amount of $2,253.38.

Under Federal Rule of Civil Procedure 69, federal courts follow "the procedure of the state where the court is located" when enforcing a judgment. Illinois law contemplates a procedure under which a creditor may request a proceeding to discover assets and may seek to compel payment towards the judgment. *See* 735 ILCS § 5/2-1402. A court issues a citation to discover assets, as the Court did here, and the judgment debtor must appear and be deposed by the judgment creditor. Here, however, Defendant, the judgment debtor, failed to appear, and Illinois law specifically provides that failure to comply with a citation to discover assets may constitute contempt of court. *See id*. This situation is akin to a witness who refuses to comply with a subpoena, and Rule 45(e) is clear that the "[f]ailure by any person without adequate excuse to obey a subpoena . . . may be deemed a contempt of court."

Contempt may be civil or criminal, and Defendant was warned clearly of the risk of remedial civil contempt sanctions in the Court's order to show cause. (Doc. 12). Civil contempt is intended to compel a party to act and to compensate parties for their losses resulting from non-compliance. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)(quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999).

To be found in civil contempt, a party "must have violated an order that sets forth in specific detail an unequivocal command from the court." *Dowell*, 257 F.3d at 699. Here, the citation to discover assets was an unequivocal command from the Court to appear. Defendant was given an opportunity to address its failure to abide by the Court's order, but failed to respond to the order to show cause. The undersigned finds that there is clear and convincing proof to hold Defendant in civil contempt. *See Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989)(establishing that the burden of proof for civil contempt is clear and convincing evidence).

Sanctions for civil contempt may be coercive, designed to compel an action, or remedial, intended "to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience." *Dowell*, 257 F.2d at 699 (quoting *In re Maurice*, 73 F.3d 124, 127-128 (7th Cir. 1995)). The undersigned believes that a remedial sanction is appropriate here and recommends that the Court compensate Plaintiffs for their efforts to secure Defendant's appearance.

To calculate attorneys' fees, the district court generally begins with the "lodestar," *i.e.*, the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed[]" in support of the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Although lodestar yields a presumptively reasonable fee . . . the court may nevertheless adjust the fee based on factors not included in the computation[.]" *Montanez*, 755 F.3d at 553. Such factors can include the time and labor required, the novelty or difficulty of the case, the degree of success achieved, the experience and ability of the attorneys, the adequacy of the documentation of the hours, and whether appropriate billing judgment was used. *See Hensley*, 461 U.S. at 430, 430 n.4.

Here, the affidavit submitted by Plaintiffs fairly represents the number of hours counsel spent and the costs incurred preparing for the citation to discover assets and addressing Defendant's failure to appear. It is limited to the appropriate time period, and the hours billed and billing rates are presumptively reasonable. As such, the undersigned is convinced that $2,253.38 is an appropriate remedial sanction and recommends imposing the sanction based on costs in the amount of $176.13 and the following attorneys' fees:

| Attorney | Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|
| William Blumthal | $250.00 | 7.11 | $1,777.50 |
| Joseph Mallon | $285.00 | .85 | $242.25 |

| Lucas Habeeb | $230.00 | .25 | $57.50 |
|---|---|---|---|
| Total Fees | | | $2,077.25 |

### CONCLUSION

For the above-stated reasons, it is **RECOMMENDED** that the Court hold Defendant Bumpy's Steel Erection, Inc. in civil contempt and impose a remedial sanction in the amount of $2,253.38 to compensate Plaintiffs for Defendant's failure to comply with the Court's citation to discover assets.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Seventh Circuit Court of Appeals. *See, e.g.*, *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, objections to this Report and Recommendation must be filed on or before **September 21, 2020**.

Plaintiffs shall send a copy of this Report & Recommendation to Defendant via e-mail (if known) and via U.S. mail.

**IT IS SO ORDERED.**

Dated:  September 3, 2020.

Digitally signed
by Judge Sison 2
Date: 2020.09.03
15:07:16 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge