IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> BUMPY'S STEEL ERECTION, LLC, <br><br> Defendant. | Case No. 20-MC-00004-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 29), which recommends that the Motion for Sanctions (Doc. 24) filed by Plaintiffs be granted, and that the Motion for Writ of Body Attachment (Doc. 18) filed by Plaintiffs be denied as moot. Defendant Bumpy's Steel Erection, LLC ("Bumpy's Steel") timely objected to the Report and Recommendation. (Doc. 30). For the following reasons, the Court adopts in part and modifies in part the Report and Recommendation.

## BACKGROUND

On December 4, 2019, a default judgment was entered against Bumpy's Steel Erection, LLC in the amount of $685,427.85 in the United States District Court for the

Eastern District of Missouri. *See Iron Workers St. Louis District Council Pension Trust et al v. Bumpy's Steel Erection LLC*, 4:18-cv-2032 (E.D. Mo. Dec. 4, 2019). On February 3, 2020, Plaintiffs registered the judgment in the Southern District of Illinois. (Doc. 2). On April 27, 2020, the Clerk of Court issued an Alias Citation in Supplemental Proceedings to Discover Assets ("Alias Citation") cited to Bumpy's Steel. (Doc. 8). The Court later granted Plaintiffs' motion to serve the Alias Citation via mail and by posting copies of it at the residential address of Ashanti Mitchell ("Mitchell"), the sole manager of Bumpy's Steel. (Doc. 10). The Alias Citation states as follows:

> **YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to BUMPY'S STEEL ERECTION LLC, whether held individually or jointly, or to which it may be entitled or which may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to it, until further order of the Court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the Judgment.**

(Doc. 8) (emphasis in original).

Despite the Alias Citation, on May 28, 2020, Mitchell sold property belonging to Bumpy's Steel for $50,000—approximately $14,000 less than the value of the property[1]—

---

[1] According to a May 2020 appraisal report, the property at issue was valued at approximately $63,600. (Doc. 24-3).

to her mother. (Doc. 24-4). Mitchell used the $50,000 to pay Midland States Bank $41,244[2] —while retaining $3,454.[3] (Doc. 27, p. 3).

On November 16, 2020, Plaintiffs filed a motion for writ of body attachment as to Mitchell because Bumpy's Steel failed to appear or comply with the Alias Citation requiring production of certain documents. (Doc. 18). In late November and early December 2020, Mitchell and Bumpy's Steel retained counsel and produced records reflecting the sale of the property at issue. (Doc. 22). On January 29, 2021, Mitchell submitted to a judgment debtor examination. (Doc. 28, p. 2). Bumpy's Steel also produced more than 177 pages of bank records, sales records, and other documents regarding the sale of the property. (*Id.*).

Plaintiffs also move for sanctions against Mitchell asserting Mitchell willfully violated the terms of the Alias Citation. (Doc. 24, p. 4). Bumpy's Steel timely filed responses to Plaintiffs' Motion for Sanctions on January 15, 2021. (Doc. 27). On May 24, 2021, Magistrate Judge Sison issued the Report and Recommendation currently before the Court. (Doc. 29).

### FINDINGS IN THE REPORT & RECOMMENDATION

Magistrate Judge Sison initially noted that "both parties apply the incorrect standard for evaluating [ ] Mitchell's conduct." (Doc. 29, p. 7). Magistrate Judge Sison

---

[2] Bumpy's Steel borrowed money from Midland States Bank in order to purchase the property at issue. (Doc. 27, p. 2). In April 2020, Midland States Bank filed a lawsuit to foreclose on the property. (*Id.*).
[3] Notably, Mitchell did not deposit the $3,454 into the operating account belonging to Bumpy's Steel, but split the proceeds with her brother. (Doc. 28, p. 3). The remaining $5,302 was prorations, taxes, title charges, and recording fees.

noted that "[a]s [ ] Mitchell is a third party to this action, Plaintiffs do not need to prove that her conduct was willful or contumacious, as this is the standard for criminal contempt applied to *parties* who violate a citation." (*Id*. at pp. 7-8). "Accordingly, Plaintiffs do not need to meet the high burden required to show criminal contempt, but instead need only show that [ ] Mitchell transferred the assets in violation of the citation." (*Id*.). Magistrate Judge Sison then found that Plaintiffs proved that both Bumpy's Steel and Mitchell received the Alias Citation prior to the transfer of the property. (*Id*. at p. 9). Magistrate Judge Sison concluded that "[a]s [ ] Mitchell violated the Alias Citation, the appropriate sanction is to require Ms. Mitchell to either pay the entire amount of the judgment or the amount of the value of the property transferred." (*Id*. at p. 10).

Regarding the Motion for Writ of Body Attachment, Magistrate Judge Sison found that because "[Bumpy's Steel] and Ms. Mitchell are now complying with the Alias Citation, the undersigned recommends the Court deny Plaintiffs' motion for writ of body attachment as moot." (*Id*.). Bumpy's Steel filed timely objections to the Report and Recommendation. (Doc. 30). Plaintiffs did not respond to the objections.

## LEGAL STANDARDS

When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F.Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues to which specific objections have made, and make a decision "based on an independent review of the

evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## DISCUSSION

I. **Mitchell's Liability Under 735 ILL. COMP. STAT. § 5/2-1402 and Civil Contempt**

Bumpy's Steel objects to Magistrate Judge Sison's finding that Mitchell be held in civil contempt and recommending that Mitchell pay a financial sanction in the amount of $63,600. Bumpy's Steel argues that "the District Judge should decline to accept Judge Sison's Report and Recommendation because Defendant and [ ] Mitchell's actions were not willful or contumacious." (Doc. 30, p. 3). Bumpy's Steel continues noting that "[g]enerally, [ ] courts have held that in order to find a party in civil contempt for failure to obey a court order, the disobedience must be willful and contumacious."(*Id.*).

There is a difference between what is required to impose liability under 735 ILL. COMP. STAT. § 5/2-1402 and what is required to impose contempt sanctions. As noted in *Mendez v. Republic Bank*, 725 F.3d 651, 662–63 (7th Cir. 2013):

> A citation recipient who fails to comply with the restraining provision may be liable to the judgment creditor for any transferred funds that belonged to the judgment debtor. **Contrary to the view of the district court, no showing of contempt is required to impose liability on the citation**

> **recipient.** *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill.2d 307, 127 Ill.Dec. 952, 533 N.E.2d 1080, 1086 (1989).

(emphasis added). The Seventh Circuit noted:

> The Illinois Supreme Court has interpreted this language to permit a court to hold a third-party citation respondent liable for any transfer in violation of the citation. The court may also impose contempt sanctions on a respondent who "willfully or contumaciously" violated the citation. *See Bank of Aspen*, 127 Ill.Dec. 952, 533 N.E.2d at 1086.

(*Id.*).

### A. *Mitchell's Liability Under 735 ILL. COMP. STAT. § 5/2-1402 for Value of the Property Transferred*

Magistrate Judge Sison is correct that "[a]s a third party to the litigation, [ ] Mitchell would be punished not by criminal contempt but by the remedy contemplated in section 2-1402(f)." (Doc. 30, p. 8 ). The remedy contemplated in section 2-1402(f) is the value of the property transferred. "To sum up therefore, it can be said that a prima facie case to enter the judgment remedy against a third-party citee includes, at least: a citation issued in furtherance of an enforceable judgment, proper service of the citation on the third-party citee, and a transfer that violated the prohibition." *In re Weitzman*, 381 B.R. 874, 882 (Bankr. N.D. Ill. 2008).

Even if Mitchell is not a third party, but a party--"[a] corporate officer's transfer of assets in the ordinary course of business of the cited judgment debtor is a violation of the prohibitions of the citation." *Divane v. Sunstrand Elec. Co.*, 2004 WL 1323287, at *2 (N.D. Ill. June 14, 2004) (citing *City of Chicago v. Air Auto Leasing Co.*, 697 N.E.2d 788 (Ill. App. Ct. 1998)); *see also Triumph Cmty. Bank v. IRED Elmhurst, LLC,* 173 N.E.3d 647, 660–61 (Ill. App. Ct. 2021) (acknowledging that it did not need to reach an interpretation of section

2-1402(f)(1) to determine whether two corporate officers were "third parties" or whether the trial court's sanction was appropriate under the statute because "[t]he citations issued to [the] [corporation] prohibited anyone acting on their behalf from allowing any transfer or other disposition of any property subject to the citations' restraining provision"). Accordingly, the objection to Magistrate Judge Sison's conclusions regarding the amount of $63,600 is **OVERRULED**.[4]

### B. Mitchell's Civil Contempt

Plaintiffs also seek attorney's fees and court costs associated with preparing the motion for sanctions. If a party is "asking for contempt sanctions, the *prima facie* case includes the same elements plus a contemptuous transfer." *In re Weitzman*, 381 B.R. at 882; *see also W. Bend Mut. Ins. Co. v. Belmont State Corp.*, 712 F.3d 1030, 1035 (7th Cir. 2013) (noting that awards for legal fees depends on "§ 5/2–1402(f)(1), which permits a court to treat evasion of the citation as a form of contempt"); *Radio One, Inc. v. Direct Media Power, Inc.*, 2018 WL 4685470, at *9 (N.D. Ill. Sept. 28, 2018) (acknowledging that "[a]fter being satisfied as to proper service of a citation based on a final and enforceable judgment and that the citation's prohibition against transfer was violated, if contempt sanctions are sought, the court next looks to whether the violation was contemptuous").

---

[4] In Plaintiffs' reply brief, they increase the amount requested from $63,600 to $74,976.15, alleging that Ms. Mitchell also transferred funds in violation of the Alias Citation. (Doc. 28, p. 7). Plaintiffs learned of these transfers after filing their motion for sanctions and stated that they had no objection to the Court granting Defendant an opportunity to file a sur-reply. Magistrate Judge Sison did not entertain these new arguments because Plaintiffs never sought leave to present them. This Court will grant leave for additional briefing as to the $11,376.15 at issue.

Bumpy's Steel and Mitchell argue they should not be held in contempt because their actions were not willful or contumacious. The Court disagrees. Mitchell knew about the action in the United States District Court for the Eastern District of Missouri. Mitchell hired an attorney in that matter, who later withdrew, and default judgment against Bumpy's Steel was entered in December 2019. *Iron Workers St. Louis District Council Pension Trust et al v. Bumpy's Steel Erection LLC*, 4:18-cv-2032 (E.D. Mo. Dec. 4, 2019). Then in May 2020, Bumpy's Steel and Mitchell received the Alias Citation prior to the transfer of the property. (Doc. 13-1; Doc. 13-2; Doc. 29, p. 9). Despite the Alias Citation and knowledge of the action in the Eastern District of Missouri, Mitchell conveniently sold property to her mother "to avoid foreclosure of the [p]roperty and satisfy some of the secured debt it owed to the Bank." (Doc. 27, p. 3).

Bumpy's Steel also notes it was "unrepresented at the time of the sale and did not realize the sale of the [p]roperty would violate this Court's Order and potentially subject it and [ ] Mitchell to sanctions." (*Id.*). This is no excuse. "Under Illinois law, corporate officers 'are obligated to obey judicial orders directed at their corporations,' and are liable when they permit the corporation to make non-exempt payments in violation of the citation." *Laborers' Pension Fund v. A & C Env't, Inc.*, 2005 WL 994525, at *2 (N.D. Ill. Apr. 19, 2005) (quoting *Air Auto Leasing Co.*, 697 N.E.2d at 791-92). "[T]here is no doubt that an individual officially responsible for a corporation's compliance with a court order may be punished for contempt if he fails to act appropriately." *Radio One, Inc.*, 2018 WL 4685470, at *10 (citing *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005)).

"The award of attorney fees in the case at bar, consistent with civil contempt, is remedial and is intended to compensate the Funds for losses sustained due to Respondent's violation of the Citation." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1119 (N.D. Ill. 2012). Because Bumpy's Steel and Mitchell violated the Alias Citation, the Court also orders Mitchell to pay a reasonable counsel fee and reasonable costs associated with bringing this motion, in accordance with 735 ILCS 5/2–1402.

## II. Whether Plaintiffs Were Entitled to the Sale of Proceeds of the Property

Bumpy's Steel further objects that "the sanction recommended by Judge Sison is particularly harsh given that Plaintiffs were not entitled to the sale proceeds." (Doc. 30, p. 4). According to Bumpy's Steel, "[t]he [p]roperty was secured collateral for loans made to Defendants by the Bank and Plaintiffs' judgment lien was not entitled to priority over the Bank's secured interest." (*Id.*).

Regardless of their belief about the priority of Plaintiffs' judgment lien, under Illinois law, the citation to discover assets prohibited Bumpy's Steel from transferring assets in its possession or that later come into its possession. *See* 735 ILCS § 5/2–1402; *see also W. Bend Mut. Ins. Co. v. Belmont State Corp.*, 2010 WL 5419061, at *10–11 (N.D. Ill. Dec. 23, 2010) ("Regardless of [third party citation respondent's] beliefs about the priority of its lien on the cash deposits, [third party] was required to hold [defendant's] cash deposits until the Court could adjudicate the interests of the creditors"); *In re Weitzman*, 381 B.R. at 881 ("The prohibition is in place to account for and preserve the judgment debtor's assets until the court decides whether those assets should be used to pay down the judgment"); *Kirchheimer Bros. Co. v. Jewelry Mine, Ltd.*, 426 N.E.2d 1110, 1113 (Ill. App. Ct.

1981) ("A restraining provision under this section does not adjudicate any rights in the property held by the party to whom it is addressed; it merely requires that the party hold property which is subject to the reach of the judgment creditor in status quo until the judgment creditor's rights can be determined").

Without a statutory exemption to the prohibition on transfer, the failure to comply with the terms of the citation carried risks. The risk is the amount of the value of the property transferred. Accordingly, the objection to Magistrate Judge Sison's conclusions regarding Plaintiffs legal entitlement to the proceeds from the sale of the property is **OVERRULED**.

### III. Whether Judge Sison's Report and Recommendation Should be Modified to Order Mitchell to Pay a Financial Sanction of $3,454.45.

Finally, Bumpy's Steel objects that "Plaintiffs would not have recovered more than $3,454.45 from the sale of the Property." (Doc. 30, p. 5). As noted above, the priority of Plaintiffs' judgment lien does not matter. Again, "[i]f the third party releases the property without a court order giving permission to do so, the third party may be liable to the judgment creditor for any property of the debtor that was released, up to the value of the underlying judgment." *Mendez*, 725 F.3d at 653.

On April 27, 2020, the Clerk of Court issued an Alias Citation in Supplemental Proceedings to Discover Assets ("Alias Citation") cited to Defendant. (Doc. 8). Yet, on May 28, 2020, Mitchell, the sole manager of Bumpy's Steel, sold the property at issue to her mother for $50,000—approximately $14,000 less than the value of the property. (Doc. 29, p. 3). Because the property was released without an order granting permission,

Mitchell became liable for the value of the property released.

Therefore, the objection to Magistrate Judge Sison's conclusions with regard to the financial sanction of Ms. Mitchell is **OVERRULED**.

## Conclusion

For these reasons, the Court **ADOPTS in part and MODIFIES in part** Magistrate Judge Sison's Report and Recommendation (Doc. 29), **OVERRULES all of Bumpy's Steel's Objections** (Doc. 30), and **GRANTS** the Motion for Sanctions (Doc. 24). The Court will award Plaintiffs an amount to be determined after additional briefing on (1) the $11,376.15 at issue (as set forth in footnote 4 above); and (2) reasonable attorneys' fees and costs for bringing the contempt motions. Plaintiffs' brief on the disputed amount is due **April 18, 2022**. Defendant's response is due **April 25, 2022**. Plaintiffs shall submit a fee petition to the Court on or before **May 2, 2022**. The Motion for Writ of Body Attachment (Doc. 18) is **DENIED as moot**.

The Court has reviewed the remaining portions of Magistrate Judge Sison's Report and Recommendation for clear error and has found none.

**IT IS SO ORDERED.**

DATED: April 11, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**